IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOTAL ASSET RECOVERY SERVICES LLC,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>   Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Total Asset Recovery Services LLC ("Plaintiff" or "TARS") brings this Complaint against Defendant United States Department of Commerce ("Defendant" or "DOC"), for violation of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. TARS seeks disclosure and release of agency records improperly withheld by DOC through one of its internal units, the National Technical Information Service ("NTIS"). In doing so, TARS states as follows:

**PARTIES**

1. TARS is a Michigan limited liability company headquartered in Auburn Hills, Michigan.

2. The Department of Commerce is a Department of the Executive Branch of the United States Government and includes the National Technical Information Service. The DOC is an agency within the meaning of 5 U.S.C. § 552(f).

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

1

4. This Court has personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### I. NTIS Licenses the Social Security Death Master File

6. The Social Security Death Master File ("SSDMF" or "DMF") is a database of death records compiled by the Social Security Administration ("SSA"). It is updated periodically as new deaths are reported to the SSA, and currently includes almost 100 million records.

7. The records contained in the DMF on individual consumers are useful for various commercial purposes and are regularly utilized by companies like credit reporting agencies, financial institutions, and insurance companies.

8. Since at least 1992, NTIS has contracted with the SSA to operate a subscription service to license access to the DMF to the public. Hundreds of organizations have purchased a subscription to the DMF through NTIS ("licensees"). In addition to the DMF itself, licensees also receive regular updates to the DMF as released by the SSA, and in turn, by NTIS.

### II. TARS Submits First FOIA Request to NTIS

9. On February 21, 2023, TARS submitted a FOIA request to NTIS seeking certain documents related to NTIS's operation of the DMF subscription service ("February 21 Request"). The February 21 Request, including Exhibit A describing the documents sought by TARS, is attached as **Exhibit A**. The February 21 Request asked for, *inter alia*, records identifying the individuals and entities who licensed, received, or had access to the DMF from January 1, 2000 through June 14, 2012, records showing NTIS's policies and practices with respect to its subscription service, and all versions of the SSDMF that were provided to certain licensees between January 1, 2000 and June 14, 2012.

2

10. The February 21 Request was assigned tracking number DOC-NTIS-2023-001271.

11. The February 21 Request disclosed that it was made in connection with pending litigation and that TARS was willing to pay fees up to $5,000. It further invited the agency to contact TARS if the fees associated with producing records in response to the February 21 Request would exceed $5,000.

12. On March 13, 2023, TARS received a letter from the Department of Commerce's FOIA Public Liaison denying TARS's request ("March 13 Response"). Specifically, the March 13 Response informed TARS that "no connection exists between the records sought and the U.S. Department of Commerce" and that "[t]his action closes your request in this Office." It then referred TARS to the DOC's website "[f]or more information on the organization and activities of the U.S. Department of Commerce." The March 13 Response is attached as **Exhibit B**.

13. This denial of TARS's request due to an alleged lack of "connection" between DOC and the records sought is inconsistent with NTIS's status as a unit of the Department of Commerce.

14. The March 13 Response invited TARS to contact the DOC's FOIA Public Liaison informally for "further assistance."

15. Accordingly, TARS asked the FOIA Public Liaison to further explain its position that there is no connection between NTIS-held records and the Department of Commerce, given the NTIS's position within the Department of Commerce.

16. In response to TARS's inquiry, DOC's FOIA Public Liaison informed TARS that the March 13 Response had been signed by him in error. He further informed TARS that the March 13 Response had been "reviewed and approved" by NTIS's FOIA Officer and referred TARS to that individual.

17. TARS reiterated its request for more information to NTIS's FOIA Officer.

18. On May 2, 2023, TARS received a letter from NTIS's FOIA Officer that was substantially identical to the March 13 Response ("May 2 Response"). The May 2 Response similarly informed TARS that "no connection exists between the records sought and the U.S. Department of Commerce" and that "[t]his action closes your request in this Office." It similarly referred TARS to the DOC's website "[f]or more information on the organization and activities of the U.S. Department of Commerce." The May 2 Response is attached as **Exhibit C**.

19. Neither the March 13 Response nor the May 2 Response identified any reason for denial of the February 21 Request other than the alleged lack of "connection" between DOC and the records sought by TARS. At no point has DOC or NTIS ever indicated to TARS that any portion of its request is exempted from disclosure under 5 U.S.C. § 552(b).

### III.   TARS Submits Administrative Appeal of DOC's Denial of First FOIA Request

20. On May 12, 2023, TARS submitted an administrative appeal of DOC's decision ("May 12 Appeal"). The May 12 Appeal is attached as **Exhibit D**. As instructed by the March 13 Response and May 2 Response, the appeal was mailed to the Assistant General Counsel for Employment, Litigation, and Information at DOC and emailed to FOIAappeals@doc.gov.

21. The May 12 Appeal pointed out that "there is a clear connection between the records sought . . . and the Department of Commerce," and pointed to numerous public documents, including NTIS's own website, confirming that NTIS is part of the DOC and has operated the DMF subscription service for the last three decades.

22. TARS never received a determination of its May 12 Appeal or, indeed, any response from DOC or NTIS.

23. More than twenty days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since TARS's submission of the May 12 Appeal.

24. With respect to the May 12 Appeal, TARS has never received any notice of "unusual circumstances" under 5 U.S.C. § 552(A)(6)(B).

## IV.    TARS Submits Second FOIA Request to NTIS

25. On June 22, 2023, TARS submitted a second FOIA request to NTIS ("June 22 Request"). The June 22 Request was identical to the February 21 Request, with one exception. Although both Requests were signed by TARS's counsel and disclosed that they related to pending litigation, the June 22 Request expressly named TARS as the entity on whose behalf the request was made. The June 22 Request included the same Exhibit A as the February 21 Request describing the documents sought by TARS. The June 22 Request is attached as **Exhibit E**.

26. TARS never received a determination of its June 22 Request or, indeed, any response from DOC or NTIS.

27. More than twenty days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since TARS's submission of the June 22 Request.

28. With respect to the June 22 Request, TARS never received any request from DOC or NTIS for "information" under 5 U.S.C. § 552(a)(6)(A)(ii)(I) or for clarification regarding fees under 5 U.S.C. § 552(a)(6)(A)(ii)(II). Nor has TARS received any notice of "unusual circumstances" under 5 U.S.C. § 552(A)(6)(B).

29. On June 22, 2023, TARS also amended the February 21 Request to expressly name TARS as the entity on whose behalf that request had been submitted. TARS provided the amended February 21 Request to the Assistant General Counsel at DOC responsible for reviewing the May 12 Appeal. TARS did not receive a response to the amended February 21 Request.

30. More than twenty days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since TARS's submission of the amended February 21 Request.

31. With respect to the amended February 21 Request, TARS never received any request from DOC or NTIS for "information" under 5 U.S.C. § 552(a)(6)(A)(ii)(I) or for clarification regarding fees under 5 U.S.C. § 552(a)(6)(A)(ii)(II). Nor has TARS received any notice of "unusual circumstances" under 5 U.S.C. § 552(A)(6)(B).

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### FEBRUARY 21 REQUEST

32. TARS restates and incorporates by reference its allegations as set forth in the preceding paragraphs.

33. TARS has a statutory right under the Freedom of Information Act to the records identified in its February 21 Request.

34. DOC has not produced any records responsive to the February 21 Request.

35. DOC has not identified any exemptions under 5 U.S.C. § 552(b) applicable to the February 21 Request.

36. DOC's stated reason for denying the February 21 Request—an alleged lack of "connection" between DOC and the records sought—is plainly improper, as the records sought concern a service operated by NTIS, a unit of the Department of Commerce.

37. Pursuant to 5 U.S.C. § 552(a)(6)(C), TARS has exhausted all applicable administrative remedies with respect to the February 21 Request. TARS timely submitted an administrative appeal within 90 days of the March 13 Response pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). TARS did not receive a determination with respect to its May 12 Appeal within the statutory time limit provided by 5 U.S.C. § 552(a)(6)(A)(ii).

38. DOC has violated the Freedom of Information Act, 5 U.S.C. § 552, and TARS' rights thereunder, by improperly withholding records responsive to the February 21 Request and by failing to provide a response to the May 12 Appeal by the statutory deadline.

39. TARS is entitled to an order enjoining DOC from improperly withholding records responsive to the February 21 Request and requiring DOC to produce those records to TARS.

40. TARS is further entitled to reasonable attorneys' fees and other litigation costs associated with this action under 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### JUNE 22 REQUEST

41. TARS restates and incorporates by reference its allegations as set forth in the preceding paragraphs.

42. TARS has a statutory right under the Freedom of Information Act to the records identified in its June 22 Request.

43. DOC has not produced any records responsive to the June 22 Request.

44. DOC has not identified any exemptions under 5 U.S.C. § 552(b) applicable to the June 22 Request.

45. DOC failed to make a determination with respect to the June 22 Request within the statutory time limit provided by 5 U.S.C. § 552(a)(6)(A)(i).

46. DOC has violated the Freedom of Information Act, 5 U.S.C. § 552, and TARS' rights thereunder, by improperly withholding records responsive to the June 22 Request and by failing to provide a response to the June 22 Request by the statutory deadline.

47. TARS is entitled to an order enjoining DOC from improperly withholding records responsive to the June 22 Request and requiring DOC to produce those records to TARS.

48.  TARS is further entitled to reasonable attorneys' fees and other litigation costs associated with this action under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.  An order enjoining Defendant from improperly withholding records responsive to Plaintiff's FOIA requests and requiring Defendant to promptly produce those records to Plaintiff by a date certain;

b.  An award to Plaintiff of its reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

c.  A grant of any other relief as the Court may deem just and proper.

Dated: August 24, 2023

/s/ Zachary Savage

Zachary Savage (D.C. Bar No. NY0465)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
zsavage@susmangodfrey.com

Bill Carmody
Steven Shepard
Geng Chen
Morgan McCollum
(*Pro Hac Vice Motions Forthcoming*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
sshepard@susmangodfrey.com
gchen@susmangodfey.com
mmccollum@susmangodfrey.com

James L. Ferraro
Dick M. Ortega
Natalia M. Salas
Angelica Novick
(*Pro Hac Vice Motions Forthcoming*)
**THE FERRARO LAW FIRM, P.A.**
600 Brickell Avenue, Ste. 3800
Miami, FL 33131
Tel: (305) 375-0111
jferraro@ferrarolaw.com
dortega@ferrarolaw.com
nsalas@ferrarolaw.com
anovick@ferrarolaw.com

*Attorneys for Plaintiff Total Asset Recovery Services, LLC*