UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOTAL ASSET RECOVERY SERVICES, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF COMMERCE,<br><br>      Defendant. | Civil Action No. 23-2469 (CRC) |

**AMENDED ANSWER**

Defendant Department of Commerce respectfully submits this Amended Answer[1] to the Complaint (ECF No. 2), filed by Total Asset Recovery Services LLC. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Moreover, Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

Defendant responds to the separately numbered paragraphs as follows:

---

[1] Defendant submits this Amended Answer pursuant to Fed. R. Civ. 15(a)(1)(A).

## PARTIES[2]

1. This paragraph sets forth Plaintiff's characterizations of itself and thus no response is required. To the extent a response is deemed required, Defendant sufficient information to admit or deny the allegations in this paragraph.

2. Admit.

## JURISDICTION AND VENUE

3. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over claims properly brought under the terms of FOIA, 5 U.S.C. § 552, as limited by the relief available under FOIA.

4. This paragraph sets forth legal conclusions to which no response is required. To the extent a response deemed is required, defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA.

5. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue can be found in this judicial district.

## FACTUAL BACKGROUND

**I.    NTIS Licenses the Social Security Death Master File.**

6. Defendant admits that Social Security Death Master File is a database of death records compiled by the Social Security Administration and is periodically updated.

---

[2] For ease of reference only, Defendants' Answer largely replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

7. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

8. Defendant denies the allegations in this paragraph. Pursuant to Section 203 of the Bipartisan Budget Act of 2013, Pub. L. 113-67, the National Technical Information Service ("NTIS") operates a certification program for those seeking access to the Limited Access Death Master File ("LADMF"), as defined in 15 CFR § 1110.2. Certified persons, also called Subscribers, may download regular updates to the LADMF.

## II.   TARS Submits First FOIA Request to NTIS.

9. Defendant admits that it received a FOIA request from Geng Chen of Susman Godfrey L.L.P. dated February 21, 2023. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request (ECF No. 2-1) and denies all allegations inconsistent with this request.

10. Admit.

11. Defendant admits that it received a FOIA request from Chen dated February 21, 2023. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request (ECF No. 2-1) and denies all allegations inconsistent therewith.

12. Defendant admits a letter dated March 13, 2023, was sent to Chen in response to DOC-NTIS-2023-001271. The letter speaks for itself and is the best evidence of its contents.

Defendant respectfully refers the Court to the letter (ECF No. 2-2) and denies all allegations inconsistent therewith.

13. Defendant admits a letter dated March 13, 2023, was sent to Chen in response to DOC-NTIS-2023-001271. Defendant respectfully refers the Court to the letter (ECF No. 2-2) and denies all allegations inconsistent therewith.

14. Defendant admits a letter dated March 13, 2023, was sent to Chen in response to DOC-NTIS-2023-001271. Defendant respectfully refers the Court to the letter (ECF No. 2-2) and denies all allegations inconsistent therewith.

15. Defendant admits it received an email from Chen on April 4, 2023. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email, attached as part of exhibit 1 (ECF No. 7-1), and denies all allegations inconsistent therewith.

16. Defendant admits it sent a response to Chen on April 6, 2023. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email, attached as part of exhibit 1 (ECF No. 7-1), and denies all allegations inconsistent therewith.

17. Defendant admits it received an email from Chen on April 6, 2023. The email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email, attached as part of exhibit 2 (ECF No. 7-2), and denies all allegations inconsistent therewith.

18. Defendant admits a letter dated May 2, 2023, was sent to Chen regarding the DOC-NTIS-2023-001271 FOIA request. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter (ECF No. 2-3) and denies all allegations inconsistent therewith.

19. Paragraph 19 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

### III.     TARS Submits Administrative Appeal of DOC's Denial of First FOIA Request.

20. Defendant admits that it received the appeal that Plaintiff attached to the complaint as exhibit D (ECF No. 2-4),

21. Defendant admits it received an appeal letter dated May 12, 2023, pertaining to FOIA request DOC-NTIS-2023-001271. The appeal letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal letter (ECF No. 2-4) and denies all allegations inconsistent therewith.

22. Defendant admits that, as of the date of filing of the Complaint, Defendant had not yet made a final determination upon the appeal to FOIA request DOC-NTIS-2023-001271.

23. Admit.

24. Defendant admits that it did not send a notice of unusual circumstances pursuant to 5 U.S.C. § 552(A)(6) with respect to FOIA request DOC-NTIS-2023-001271.

### IV.     TARS Submits Second FOIA Request to NTIS.

25. Defendant admits that it received a FOIA request from Chen dated June 22, 2023. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request (ECF No. 2-5) and denies all allegations inconsistent with this request. Defendant avers that the communication was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271.

26. Defendant denies the allegations in this paragraph. Defendant avers that the communication dated June 22, 2023 was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271. Defendant communicated a determination upon FOIA request DOC-NTIS-2023-001271 to Plaintiff on May 2, 2023.

27. Admit.

28. Defendant admits that it did not request further information, request clarification regarding fees, or send a notice of unusual circumstances pursuant to 5 U.S.C. § 552(A)(6) for FOIA request DOC-NTIS-2023-001271.  Defendant avers that the communication dated June 22, 2023 was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271.

29. Defendant admits that on June 22, 2023, the Office of the Assistant General Counsel for Employment, Litigation, and Information received an email from Chen seeking to amend FOIA request DOC-NTIS-2023-001271 to indicate that it was submitted on behalf of Plaintiff. The request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request, attached as exhibit 3 (ECF No. 7-3), and denies all allegations inconsistent with this request.

30. Admit.

31. Defendant admits that it did not request further information, request clarification regarding fees, or send a notice of unusual circumstances pursuant to 5 U.S.C. § 552(A)(6) with respect to FOIA request DOC-NTIS-2023-001271.

**FIRST CLAIM FOR RELIEF**

32. Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

33. Paragraph 33 are Plaintiff's legal conclusions to which no response is required.

34. Defendant admits that did not identify or produce records responsive to FOIA request DOC-NTIS-2023-001271. Defendant avers that, as of the date of filing of the Complaint, Defendant had not yet made a final determination upon the appeal to the determination upon FOIA request DOC-NTIS-2023-001271.

35. Defendant admits that in its determination upon FOIA request DOC-NTIS-2023-001271 NTIS did not identify any FOIA exemptions applicable to responsive records identified. Defendant avers that, as of the date of filing of the Complaint, Defendant had not yet made a final determination upon the appeal to the determination upon FOIA request DOC-NTIS-2023-001271.

36. Paragraph 36 contains Plaintiff's characterizations and legal conclusions which require no response. To the extent a response is deemed required, Defendant denies the allegations in paragraph 36.

37. The allegations in paragraph 37 constitute legal conclusions to which no response is required. Defendant avers that neither FOIA request NTIS-2023-001271, nor the appeal regarding the determination upon NTIS-2023-001271, identified that it was submitted on behalf of TARS.

38. The allegations in paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant demies the allegations in paragraph 38.

39. This paragraph contains a request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

40. This paragraph contains a request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

**SECOND CLAIM FOR RELIEF**

41. Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

42. Paragraph 42 consists of legal conclusions, which require no response. To the extent any response is required, Defendant admits that FOIA grants Plaintiff a right to records responsive to FOIA requests properly submitted by it, subject to statutory exemptions.

43. Defendant admits that did not identify or produce records responsive to FOIA request DOC-NTIS-2023-001271. Defendant avers that, as of the date of filing of the Complaint, Defendant had not yet made a final determination upon the appeal to the determination upon FOIA request DOC-NTIS-2023-001271. Defendant further avers that the communication dated June 22, 2023 was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271.

44. Defendant admits that in its determination upon FOIA request DOC-NTIS-2023-001271 NTIS did not identify any FOIA exemptions applicable to responsive records identified. Defendant avers that, as of the date of filing of the Complaint, Defendant had not yet made a final determination upon the appeal to the determination upon FOIA request DOC-NTIS-2023-001271. Defendant further avers that the communication dated June 22, 2023 was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271.

45. The allegations in paragraph 45 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant avers that the communication dated June 22, 2023 was not understood to be a new FOIA request, but a duplicate mailing of FOIA request DOC-NTIS-2023-001271. NTIS communicated a determination upon FOIA request DOC-NTIS-2023-001271 to Plaintiff on May 2, 2023.

46. The allegations in paragraph 46 are Plaintiff's legal conclusions to which no response is required.

47. Paragraph 47 contains a request for relief, to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to the relief requested.

48. Paragraph 48 contains a request for relief, to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that they exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

### Second Defense

The FOIA requests that are the subject of this lawsuit seek the production of certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted. *See* 5 U.S.C. § 552(b).

### Third Defense

Plaintiff is not entitled to declaratory relief.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to attorneys' fees and costs.

### Fifth Defense

Plaintiff failed to reasonably describe the records sought.

**Sixth Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's responses to the FOIA and Privacy Act requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: November 1, 2023
Washington, DC

    Respectfully submitted,

    MATTHEW M. GRAVES, D.C. Bar # 481052
    United States Attorney

    BRIAN P. HUDAK
    Chief, Civil Division

    By: *John J. Bardo*
        JOHN J. BARDO
        D.C. Bar # 1655534
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 870-6770

    *Attorneys for the United States of America*